SAWYER & LABAR LLP
IVO LABAR, State Bar No. 203492
  *labar@sawyerlabar.com*
REBECCA MACLAREN, State Bar No. 211788
  *maclaren@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

Attorneys for Plaintiff
HORIZON DAHLIA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORIZON DAHLIA, LLC, a California limited liability company, | Case No. 25-cv-06503-RGK-MAA |
| Plaintiff, | **DECLARATION OF SHAY YADIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE BURLINGTON INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| v. | |
| THE BURLINGTON INSURANCE COMPANY, a corporation; and DOES 1-10, inclusive, | |
| Defendants. | Date:         April 6, 2026<br>Time:         9:00 a.m.<br>Courtroom:   850 |
| | Complaint Filed:   April 17, 2025<br>Case Removed:   July 17, 2025<br>Trial Date:   May. 12, 2026 |

Case No. 25-cv-06503-RGK-MAA

YADIN DECL. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

I, Shay Yadin, declare as follows:

1.     I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Plaintiff's Opposition to the Burlington Insurance Company's Motion for Summary Judgment.

2.     I am a real estate developer and construction project manager.  I was working as an independent project manager for the Horizon renovation project that is the subject of the dispute in this litigation.  I also assisted with the insurance claims adjustment and consulted with Globe Midwest Adjusters ("Globe") regarding their estimate of the vandalism loss.

3.     I am familiar with the document that Burlington is referring to in its motion as the MDM vandalism contract dated January 30, 2024.  That document has an estimated preliminary repair cost of $704,574.00.  That document was a preliminary agreement for limited services to address the vandalism damage identified at that time.

4.     It was entered into with the understanding that it would not cover the full scope of repairs resulting from the vandalism. The intent was to initiate the work that was known at that point, with the expectation that additional work would be required once the complete engineering, architectural and utility plans were reviewed and returned by the relevant governmental authorities. This approach was taken in order to prevent further delays to the work that would have resulted in additional carry costs and delayed the opening of the facility.

5.     Moreover, the full extent of the vandalism damage and the scope of the required repairs were not yet known in January 2024, and the total cost impact resulting from the vandalism remained uncertain at that time. As repair work progressed, additional instances of vandalism damage were discovered. In addition, during the course of the initial vandalism repair process, governmental agencies and the utility provider imposed additional requirements as part of their plan check and

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

YADIN DECL. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

review process, which also resulted in increased costs. As previously disclosed, $81,925.65 of the total MDM vandalism contract amount were general scope items that were not related to the vandalism scope but were included in their pay application (these cover for Landscape work, Room curtain dividers and signage). Nonetheless, the total hard costs for the vandalism repair upon completion (approximately nine months later) are found in the MDM vandalism pay applications showing that the total vandalism repair cost exceeded the total amount estimated by the Public Adjuster in April 2024. This is more than double of the so-called vandalism contract because it reflects a greater scope of work and actual pricing.

6. A review of the vandalism Pay Applications compared to the original vandalism contract shows why. The original vandalism contract only has three trades: HVAC, plumbing and electrical. The vandalism Pay Applications shows the actual costs to perform this work which was more than originally estimated.

7. This is a very common occurrence in construction as scope, materials and labor prices often increase over the course of a project.

8. Moreover, there were additional scope of repairs not even found in the original vandalism contract that no one was aware of in January 2024. For example, pay Applications show the electrical trench work, windows and doors, and insulation, for example.

9. If one compares the original vandalism contract with the public adjuster estimate, there is a difference in the amounts estimated for HVAC and plumbing.

10. At the time the public adjuster estimate was submitted in April 2024, which reflected a plumbing repair amount of $372,500, the plumbing plans were still under review and undergoing plan check by the appropriate governmental agencies. As a result, the full scope of the required plumbing repairs had not yet been finalized. We anticipated that additional work could be required as a result of the plan check process and therefore provided our best good faith estimate of the

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

3

Case No. 25-cv-06503-RGK-MAA

YADIN DECL. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

projected total cost of the repairs based on the information available at that time. The final cost of the vandalism-related plumbing repairs for the vandalism scope, was $376,250, which slightly exceeded the originally projected amount of $372,500. Similarly, at the time the public adjuster submitted the estimate, the HVAC scope of work had not yet been fully finalized, as the plans were still undergoing plan check review by the appropriate governmental agencies. At that time, it was anticipated that the HVAC subcontractor would perform both the general HVAC vandalism repairs and the HVAC work associated with the kitchen hood systems. However, after receiving specific plan check comments during the review process, it became clear that the kitchen hood HVAC scope required a specialized contractor with expertise in commercial kitchen ventilation systems. As a result, that portion of the work was removed from the general HVAC subcontractor's scope and awarded under a separate contract to a specialized kitchen equipment HVAC vendor. This additional scope ultimately exceeded the original estimate of $16,800 for the kitchen HVAC work and resulted in cost reflected in MDM vandalism pay applications.

11. I was never involved in any effort to misrepresent or conceal any information from Burlington. I did everything possible to provide Burlington with the information that I understood Burlington sought.

12. At a site visit at the property in late 2023 with Burlington's representatives, I made myself available to Burlington's representatives and urged them to contact me if they had any questions about the renovation project and vandalism repairs. I was never contacted.

13. Had any one of Burlington's numerous representatives had contacted me to discuss any questions regarding the scope of the vandalism repairs or any other issues, I would have willingly answered any questions they posed and made our contractor, MDM, available to do the same.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

4

Case No. 25-cv-06503-RGK-MAA

YADIN DECL. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

Executed on this 6th day of March, 2026, at Los Angeles, California.

_____
Shay Yadin

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

Case No. 25-cv-06503-RGK-MAA

YADIN DECL. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT